IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

602531 BRITISH COLUMBIA, LTD.,

        Plaintiff,

v.

MERCEDES-BENZ USA, LLC,

        Defendant.

CV 08-815-PK

OPINION AND
ORDER

PAPAK, Magistrate Judge:

This patent-infringement action was filed against defendant Mercedes-Benz USA, LLC

("MBUSA") by plaintiff 602531 British Columbia, Ltd. ("British Columbia") on July 8, 2008.

British Columbia alleges that, since at least November 6, 2007, MBUSA has made, offered for

sale, sold, used, and/or imported into the United States for commercial purposes automobiles

containing an electronic navigation system that infringes on a patent, United States Patent No.

7,293,231 (the "'231 Patent"), owned by British Columbia.  On August 28, 2008, MBUSA

answered British Columbia's complaint, alleging counterclaims for declaratory judgment of

noninfringement and of invalidity of the '231 Patent.  This court has jurisdiction over this action

Page 1 - OPINION AND ORDER

pursuant to 28 U.S.C. §§ 1331 and 1338.

Now before the court is MBUSA's motion to transfer venue (#13) to the District of New Jersey.  I have considered the motion and all of the pleadings on file.  For the reasons set forth below, the motion to transfer venue is granted.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), *quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).  "[S]ection 1404(a) requires two findings -- that the district court is one where the action might have been brought and that the convenience of parties and witnesses in the interest of justice favor transfer."  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) (internal quotation marks omitted).[1]  "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), *citing Mizokami Bros. of Arizona v. Mobay Chemical Corp.*, 660 F.2d 712, 718 (8th Cir. 1981); *Continental Oil Co. v. Atwood & Morrill Co.*, 265 F. Supp. 692, 699 (D. Mont. 1967).

Section 1404(a) partially displaces the common law doctrine of *forum non conveniens*,

---

[1]  Although this is a patent infringement action, Ninth Circuit precedent applies to the transfer question.  *See Molins PLC v. Quigg*, 837 F.2d 1064, 1065 (Fed. Cir. 1988) ("we apply the law of that circuit to which district court appeals normally lie, unless the issue pertains to or is unique to patent law.")

codifying the standards applicable to deciding a motion to transfer an action between two federal

courts.  However, Section 1404 is not a "mere codification" of the older common law doctrine.

*Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).  To the contrary, in enacting Section 1404

"Congress. . . intended to permit courts to grant transfers upon a lesser showing of

inconvenience" than was required under the common law doctrine.  *Id.*  "This is not to say that

the relevant factors have changed . . . but only that the discretion to be exercised [by the tranferor

court] is broader."  *Id.*

### STATEMENT OF MATERIAL FACTS

Plaintiff British Columbia is a corporation organized under the laws of the province of

British Columbia, Canada, with its principal place of business in Vancouver, B.C.  British

Columbia is a wholly-owned subsidiary of WordLogic Corporation, a Nevada corporation with

its principal offices located in Vancouver, B.C.  Neither British Columbia nor WordLogic has

any presence within the District of Oregon.  British Columbia concedes that it selected this

district as venue for this action not because it conducts activities here or because the alleged

infringement took place here, but because of this district's relative "proximity to [British

Columbia's] only place of business in [Vancouver], Canada."  WordLogic and British Columbia

collectively employ eight persons, all apparently Canadian residents.

Defendant MBUSA is a limited liability company organized under the laws of the state of

Delaware, with its principal place of business in Montvale, New Jersey.  MBUSA employs

approximately 1,200 employees in its New Jersey offices, where it makes all import, sales,

distribution, and marketing decisions regarding Mercedes-Benz automobiles, including those

incorporating the allegedly infringing navigation system at issue in this action.  Although

MBUSA has regional offices in California, Illinois, and Florida, and vehicle preparation centers, parts distribution centers, training centers, and a marshaling yard in several other states, it has no physical presence or employees resident in Oregon. MBUSA does, however, distribute vehicles to automobile dealers nationwide, including six dealers located in Oregon. British Columbia alleges, and MBUSA does not deny, that among the vehicles MBUSA has distributed to Oregon dealers are vehicles incorporating the allegedly infringing navigation system.

At this time, British Columbia anticipates calling three witnesses should this action go to trial, each of whom resides in Vancouver, B.C. Of these, two are employees of WordLogic, and therefore may be considered party witnesses, and the third owns a minority interest in WordLogic. For its part, MBUSA also contemplates calling three witnesses, each of whom is employed by MBUSA in New Jersey. In addition, MBUSA's records relating to the importation, distribution, and marketing of automobiles are maintained in its New Jersey offices. MBUSA surmises, and British Columbia does not deny, that any relevant documents British Columbia or its corporate parent may possess must necessarily be located in Vancouver, B.C. Moreover, Harold David Gunn, an inventor of the '231 Patent and a contemplated witness for British Columbia, likewise resides in Vancouver, and therefore to the extent his records may be relevant to the disposition of this action, they also are likely to be located in B.C.

Finally, the parties have not offered evidence as to the location of any documents related to the production or manufacture of MBUSA's automobiles incorporating the allegedly infringing technology. To the extent such documents may prove relevant to the resolution of this dispute, it appears unlikely that they are maintained within the District of Oregon. It is possible that they may be maintained in New Jersey, elsewhere in the United States, or, perhaps most likely,

overseas at the location where the automobiles are produced.

## ANALYSIS

Under Section 1404(a), transfer of venue is proper where (i) the action could have been filed in the transferee court, and (ii) analysis of applicable private and public interests establishes that the convenience of parties and witnesses, in the interest of justice and affording all due weight to the plaintiff's choice of forum, favors transfer. *See Hatch*, 758 F.2d at 414; *see also*, *e.g.*, *Decker Coal,* 805 F.2d at 843.

## I.    Venue in the District of New Jersey

The controlling question in determining whether an action might have been brought in a given district is whether the action could initially have been commenced in that district; more specifically, whether subject matter jurisdiction, personal jurisdiction and venue would have been proper if the plaintiff had chosen to file the action in the proposed district. *See*, *e.g.*, *Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960); *see also Van Dusen*, 376 U.S. at 620.  British Columbia does not dispute that this action could have been brought in the District of New Jersey.

It is clear that this action could have been filed in New Jersey.  Like this court, the court for the District of New Jersey would have had subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  Because defendant MBUSA has its principal place of business in New Jersey, it is subject to the personal jurisdiction of the court for the District of New Jersey.  *See One Beacon Ins. Co. v. Enchante Accessories*, No. 06-5802-JAG, 2008 U.S. Dist. LEXIS 88616 (D.N.J. Oct. 31, 2008); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Similarly, venue is necessarily proper in the district within which the defendant resides.  *See* 28 U.S.C. §§ 1391(b)(1).

Page 5 - OPINION AND ORDER

Because British Columbia could properly have filed this action in the District of New Jersey, the first prong of the two-part Section 1404(a) test indicates that transfer could be appropriate.

## II.    Balance of Interests

The balance of interests prong of the two-part Section 1404 test requires courts to "balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum" to determine whether the convenience of parties and witnesses, in the interest of justice, warrants transfer. *See Decker Coal*, 805 F.2d at 843 (citations omitted).  The Ninth Circuit has held that:

> A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the  forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis.  We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000) (footnotes, citations omitted).

Ninth Circuit jurisprudence additionally suggests that it may be proper, in connection with a Section 1404(a) motion, to consider the private and public interest factors applicable in the *forum non conveniens* context. *See Decker Coal*, 805 F.2d at 843.  The applicable private factors include relative ease of access to sources of proof, the availability of compulsory process, the costs of witness attendance, and other practical issues related to ensuring easy, expeditious and inexpensive trial, whereas the applicable public factors include relative court congestion, local

Page 6 - OPINION AND ORDER

interest in deciding local controversies, the court's familiarity with applicable law, the avoidance

of conflict of laws problems, and the potential unfairness of burdening citizens in an unrelated

forum with jury duty. *See id.*

A plaintiff's choice of forum is "generally" entitled to "great weight." *See*, *e.g.*, *Lou v.*

*Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), *citing Texas Eastern Transmission Corp. v. Marine*

*Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).  However, "[p]laintiff's choice

of forum. . . is not the final word." *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th

Cir. 1968).  The deference owed to the plaintiff's choice of forum is at its strongest where the

plaintiff has chosen its home forum and some or all of the operative facts occurred within the

chosen forum.  *See Lou*, 834 F.2d at 739.  By contrast, "a foreign plaintiff's choice deserves less

deference." *Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000), *citing Piper Aircraft Co. v.*

*Reyno*, 454 U.S. 235, 256 (1981); *see also*, *e.g.*, *Williams v. Bowman*, 157 F. Supp. 2d 1103,

1106 (N.D. Cal. 2001) ("the degree to which courts defer to the plaintiff's chosen venue is

substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a

significant connection to the activities alleged in the complaint"), *quoting Fabus Corp. v. Asiana*

*Express Corp.*, No. C-00-3172 PJH, 2001 U.S. Dist. LEXIS 2568, *4-5 (N.D. Cal. Mar. 5, 2001).

Where "the operative facts have not occurred within the forum and the forum has no interest in

the parties or subject matter, [the plaintiff]'s choice is entitled to only minimal consideration."

*Lou*, 834 F.2d at 739.

Finally, it is worth noting that, in conducting the balance of interests analysis, a "transfer

should not be granted if the effect is simply to shift the inconvenience to the party resisting the

transfer." *Van Dusen*, 376 U.S. at 646.  Section 1404(a) provides for transfer to a more

convenient forum from an inconvenient one, not merely from one forum to another for the sake of a somehow preferable allocation of inconvenience.

A.    **The Applicable Factors**

As noted above, Section 1404(a) requires that transfer of venue be for the convenience of the parties and witnesses, in the interest of justice. The *Jones* court supplemented and expanded upon these broad considerations by listing approximately ten specific factors of potential relevance to the balance of interests analysis. In addition, to the extent not co-extensive with the *Jones* factors, the *Decker Coal* court suggested that consideration of the private and public interest factors traditionally analyzed in connection with the doctrine of *forum non conveniens* may be useful in conducting a Section 1404(a) balance of interests analysis.

1.    **Convenience of the Parties**

The specific factors applicable to the convenience of the parties are: the plaintiff's choice of forum, the parties' contacts with the candidate fora, the location in which the allegedly infringing behavior took place, relative ease of access to sources of proof, availability of compulsory process to compel the attendance of unwilling witnesses, and any difference in the costs of litigation within the candidate fora.

a.    **Plaintiff's Choice of Forum**

British Columbia has chosen the District of Oregon as the forum within which to pursue its action against MBUSA. British Columbia cites this district's relative proximity to Vancouver, B.C. (approximately 250 air miles versus approximately 2400 air miles between Vancouver and any New Jersey airport) in support of its choice. However, as a foreign plaintiff who has selected a forum lacking any significant connection with the complained-of infringement, British

Page 8 - OPINION AND ORDER

Columbia's choice is entitled to minimal deference only. *See Monegro*, 211 at 513; *Williams*,

157 F. Supp. 2d at 1106; *Lou*, 834 F.2d at 739; *see also*, *e.g.*, *Pacific Car*, 403 F.2d at 955

(rejecting the argument that the relative proximity of a federal judicial district to a foreign

plaintiff's base of operations entitled the plaintiff's choice to more than minimal deference).

### b.    Parties' Contacts with the Candidate Fora

From the perspective of the defendant, the District of Oregon is a forum in which

MBUSA has no physical presence and with which its only relevant contact is the conduct of

limited sales activity, whereas the District of New Jersey is its home forum, where its offices,

decisionmakers, and documents are all located.

From the perspective of the plaintiff, British Columbia has no relevant contacts with

either forum. British Columbia maintains no physical presence within the United States, nor

does it conduct business in either Oregon or New Jersey.[2] Although New Jersey is an order of

magnitude more distant from British Columbia's offices than is Oregon, as a practical matter

British Columbia's representatives will be required to travel by air in order to appear in either

forum.

Although the inconvenience to British Columbia of air travel to New Jersey will

necessarily be marginally greater than the inconvenience of air travel to Oregon, such an increase

in marginal disutility does not constitute a wholesale shift of inconvenience from the shoulders of

one party to another. *See*, *e.g.*, *Pacific Car*, 403 F.2d at 955 (rejecting the argument that the

---

[2] Although it appears that British Columbia's counsel is located in Oregon, "the convenience of plaintiffs' counsel. . . is not a factor to be considered in determining whether the [plaintiff's choice] is a convenient forum." Fabus, 2001 U.S. Dist. LEXIS 2568 at *6, *citing Solomon v. Continental American*, 472 F.2d 1043, 1047 (3rd Cir. 1973).

Page 9 - OPINION AND ORDER

relative proximity of a federal judicial district to a foreign plaintiff's base of operations could

mitigate against transfer under Section 1404). The factor addressing the parties' respective

contacts with the candidate fora therefore strongly favors transfer.

### c.    Location in Which the Alleged Transgression Took Place

"In patent infringement actions, the preferred forum is 'that which is the center of gravity

of the accused activity.'" *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (D. Wash.

2005), *quoting Ricoh Co., Ltd., v. Honeywell, Inc.*, 817 F. Supp. 473, 482 n. 17 (D.N.J. 1993),

*quoting S.C. Johnson & Sons, Inc., v. Gillette Co.*, 571 F. Supp. 1185, 1188 (N.D. Ill. 1983). In

making the "center of gravity" determination, the district court "ought to be as close as possible

to the milieu of the infringing device and the hub of activity centered around its production." *Id.*,

*quoting Ricoh*, 817 F. Supp. at 482 n. 17. "Appropriate considerations include the location of a

product's development, testing, research and production. . . . Also relevant is the place where

marketing and sales decisions were made, rather than where limited sales activity has occurred."

*Ricoh*, 817 F. Supp. at 482 n. 17; *see also Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd.

Partnership*, 807 F. Supp. 470, 474 (N.D. Ill. 1992) ("Intellectual property infringement suits

often focus on the activities of the alleged infringer, its employees, and its documents; therefore,

the location of the infringer's principal place of business is often the critical and controlling

consideration"), *citing Scholz Research & Dev., Inc. v. Kurzke*, 720 F. Supp. 710, 713 (N.D. Ill.

1989).

Here, the "center of gravity" of MBUSA's alleged infringement is clearly New Jersey.

The evidence in the record does not suggest that MBUSA developed, researched, or produced the

allegedly infringing technology, or that any decisions related to the development or production of

the technology were made within the United States.  However, it is clear from the parties'
submissions that any marketing or sales decisions regarding the automobiles containing the
accused technology were made in New Jersey, where MBUSA makes its headquarters.  To the
extent other decisions were made by MBUSA regarding the inclusion of the accused technology
in its products, those decisions were likewise overwhelmingly likely to have been made in New
Jersey.  To the extent the allegedly infringing technology has a "milieu" within the United States,
that milieu can only be in Montvale, NJ, at MBUSA's principal place of business.

By contrast, the only connection Oregon has with the allegedly infringing activity is the
sale of automobiles to Oregon dealers unaffiliated with either party.  The location factor therefore
strongly mitigates in favor of transfer.

### d.      Relative Ease of Access to Proof

The parties' submissions do not suggest that any documentary or other evidence material
to this dispute is located within the District of Oregon.  Instead, all or virtually all sources of
proof within the control of MBUSA are located in New Jersey.  British Columbia's evidence is
all located at air-travel distance from either candidate forum.  The factor addressing relative ease
of access to proof therefore strongly favors transfer.

### e.      Availability of Compulsory Process

Although it does not appear that either party contemplates the need for resort to
compulsory process, to the extent compulsory process were to arise as an issue, this factor would
mitigate slightly in favor of transfer.  It appears likely from the parties' submissions that all
potential witnesses are located either in Vancouver, B.C., or in (or near) New Jersey.  The courts
of the Districts of Oregon and New Jersey would experience equal difficulty in compelling the

Page 11 - OPINION AND ORDER

attendance of an unwilling witness, if any, located in Vancouver, B.C., whereas in the event of an unwilling witness residing in New Jersey, only a New Jersey court could compel attendance.

### f.      Differential Costs of Litigation

There are no grounds in the evidence offered by the parties for concluding that the costs of litigation would differ between the candidate fora. The differential costs of litigation factor is therefore a wash.

### g.      Differential Financial Burdens on the Parties

Although neither a *Jones* nor a *Decker Coal* factor, I acknowledge the accuracy of British Columbia's assertion that MBUSA has greater financial resources than British Columbia and is likely better able to absorb the costs of litigation conducted a continent away from its corporate headquarters than is its smaller opponent. However, the disparity between the parties' financial resources cannot be attributed to any fault of MBUSA. It would not promote justice to require MBUSA to increase its own costs merely to rectify the financial imbalance between the two parties, particularly where it was British Columbia's choice to bring this action before a court of the United States. Moreover, British Columbia will necessarily incur increased costs associated with conducting litigation at a distance from its home regardless of the forum in which this action is pursued. British Columbia's marginal disutility associated with a relatively more distant forum is significantly outweighed by the increased inconvenience MBUSA would face if required to litigate outside its home forum. The disparity between the parties' access to financial resources therefore does not sway the analysis in one direction or the other.

### 2.      Convenience of the Witnesses

"Convenience of the witnesses, other than party witnesses, is of paramount importance."

Page 12 - OPINION AND ORDER

*First Hawaiian Bank v. Bartel*, No. 08-00177 DAE-LEK, 2008 U.S. Dist. LEXIS 64218, *21 (D. Haw. August 20, 2008), *quoting Robinson Corp. v. Auto-Owners Ins. Co.*, 304 F. Supp. 2d 1232, 1243 (D. Haw. 2003).  Neither party contemplates calling any witnesses residing within the District of Oregon, whereas each of the three party witnesses MBUSA contemplates calling is employed within the district of New Jersey.  Each of the two party witnesses and one affiliated non-party witnesses British Columbia contemplates calling are located in Vancouver, B.C. Although the plaintiff's witnesses are located closer to the District of Oregon than to the District of New Jersey, air travel will be required to attend proceedings in either candidate forum.  The increased marginal disutility of the longer flight for these witnesses is significantly outweighed by the marginal disutility that MBUSA's witnesses would incur if required to litigate in Oregon rather than in their home forum.  The factor addressing convenience of the witnesses therefore mitigates in favor of transfer.

### 3.    Interests of Justice

The specific factors applicable to the interests of justice are:  local interest in deciding local controversies, the potential unfairness of burdening citizens with jury duty to decide a case lacking local interest, the familiarity of the courts in each candidate forum with applicable law, the avoidance of conflicts of laws problems, and relative court congestion.

### a.    Local Interest

As noted above, the only contact between the District of Oregon and British Columbia's cause of action is limited sales activity.  No party resides here, the plaintiff does not do business here, and no decision relating to the inclusion of the accused technology into MBUSA's products was made here.  By contrast, the center of gravity of this dispute is located within the District of

New Jersey, where the defendant maintains its principal offices and conducts all relevant decisionmaking. Of the candidate fora, New Jersey has the greater interest in the outcome of this dispute. The local interest factor therefore strongly mitigates in favor of transfer.

### b.    Burden on Citizen Jurors

Because, for reasons set forth above, Oregon lacks any significant interest in the resolution of this dispute, a modicum of inequity would inhere in requiring its citizens to sit as jurors in connection with this action. By contrast, New Jersey's relatively stronger interest in the resolution of the action suggests that no such inequity would arise if trial of this matter were heard in the District of New Jersey. The factor addressing the relative burden on citizen jurors therefore favors transfer.

### c.    Familiarity with Applicable Law

The courts of the Districts of Oregon and New Jersey are equally familiar with and equally capable of applying federal patent law to the facts of this dispute. The factor addressing relative familiarity with applicable law is therefore a wash.

### d.    Problems in Conflict of Laws

No conflict of laws problem would arise in either of the candidate fora. The conflict of laws factor is therefore a wash.

### e.    Court Congestion

The parties have submitted statistics tending to show a slightly higher per-judge caseload within the District of Oregon than within the District of New Jersey. The factor addressing relative court congestion therefore mitigates slightly in favor of transfer.

### f.    Judicial Efficiency

British Columbia argues that judicial efficiency will be impaired if this case is transferred away from the district in which it was originally filed.  However, this case was filed approximately four months ago, and this court has not yet expended significant resources in bringing it closer to trial.  There are therefore no judicial efficiency concerns of sufficient weight to sway the analysis in one direction or the other.

### 3.    Other Factors

The parties' dispute is not subject to any forum selection clause, nor do the candidate forum states have public policies that might affect the resolution of this dispute.  These factors therefore do not impact the transfer analysis.

### B.    Weighing the Factors

British Columbia's choice of forum is supported only by virtue of being chosen.  As noted above, however, British Columbia's choice is entitled only to minimal deference.

By contrast, numerous factors weigh in favor of transfer to New Jersey, including those of greatest importance to the transfer analysis (the location in which the infringing behavior took place and the convenience of the witnesses).  Because the burdens of litigating in an inconvenient forum significantly outweigh the deference to which British Columbia's choice of forum is due, the balance of interests prong of the two-pronged test tips decidedly in favor of transfer.

### CONCLUSION

For the reasons set forth above, for the convenience of the parties and witnesses in the

/ / /

/ / /

Page 15 - OPINION AND ORDER

interest of justice, defendant MBUSA's motion to transfer venue (#13) to the District of New

Jersey is granted.


Dated this 19th day of November, 2008.


 /s/  Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 16 - OPINION AND ORDER