THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

602531 BRITISH COLUMBIA, LTD.,                Civil No.  08-815-PK

        Plaintiff,                ORDER

v.

MERCEDES-BENZ USA, L.L.C.,

        Defendant.

HAGGERTY, Chief Judge:

      On November 19, 2008, Magistrate Judge Papak issued an Opinion and Order [27] granting defendant's Motion to Change or Transfer Venue [13].  There was a docketing error that caused this action to be transferred before plaintiff's objections to that Opinion and Order were received by the court.  Moreover, the court is informed that the action has been transferred a second time via the Judicial Panel on Multidistrict Litigation.

      Although this action is no longer before this court, this Order confirms that the error in transferring the case prior to receipt of objections was harmless.  This court has evaluated the objections and the November 19, 2008 Opinion and Order, and has determined that the objections [28] lack merit and Magistrate Judge Papak's ruling was free from error.

Page 1 - ORDER

**STANDARDS**

There is no dispute that the Opinion and Order issued by Magistrate Judge Papak on November 19, 2008, constitutes a non-dispositive order. There is also no dispute that the ruling is reviewed under the "clearly erroneous [or] contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Pl.'s Objections at 2. Such rulings are not subject to *de novo* review as are Findings and Recommendations under §636(b)(1)(B). *Merritt v. Int'l Bro. of Boilermakers,* 649 F.2d 1013, 1017 (5th Cir. 1981) (*per curiam*).

**ANALYSIS**

The ruling from Magistrate Judge Papak is sound and free from error. Plaintiff acknowledges that this action could have been brought in New Jersey properly, and that the only issue is whether the second step under the analysis mandated by 28 U.S.C. § 1404(a) – requiring a court to balance private and public interests to determine whether to transfer an action – was fulfilled correctly. Pl.'s Objections at 3 (citations and quotations omitted).

The ruling provided a thorough, compelling analysis of the careful balancing undertaken. Plaintiff's objections contend that transferring this action to New Jersey "merely shifts any inconvenience onto Plaintiff," and that Magistrate Judge Papak erred in failing to conclude that under appropriate balancing, the transfer analysis factors "tip decidedly in favor of keeping this patent infringement case in Oregon." Pl.'s Objections at 3-4 (citation omitted).

Plaintiff argues that:

(1) Oregon should be construed as more convenient because its three witnesses would have a shorter flight to Oregon than defendant's three witnesses;

(2) due to plaintiff's status as a "fledgling company," Oregon's convenience to plaintiff outweighs New Jersey's convenience to defendant;

(3) litigating in New Jersey will result in a "prolonged absence" of plaintiff's key witnesses (inflicted by the extra flying time necessitated by traveling from Vancouver, British Columbia, to New Jersey rather than to Oregon);

(4) the "center of gravity of this patent suit is not in New Jersey" (overlooking the reality that New Jersey is much more likely to offer a more meaningful "center of gravity" than is Oregon);

(5) the factors regarding discovery and evidentiary considerations are not significant;

(6) "New Jersey has no more of an interest than Oregon" in deciding this case; and

(7) "practical trial considerations" and "docket congestion" in New Jersey favors maintaining Oregon as the venue.  Pl.'s Objections at 4-6.

None of these arguments, which attempt to call into question the thorough balancing undertaken by Magistrate Judge Papak, establishes the existence of any error (let alone clear error) in the November 19, 2008 ruling.  These arguments are either utterly unpersuasive (including (1), (3), (5) and (6)), or at best offer grounds for construing the balance analysis as slightly more neutral than expressed by Magistrate Judge Papak (such as the discussions proffered in (2), (4) and (7)).

There is no showing of clear error in the ruling's well-reasoned conclusion that "numerous factors weigh in favor of transfer to New Jersey, including those of greatest importance to the transfer analysis (the location in which the infringing behavior took place and the convenience of the witnesses)."  Opinion and Order of November 19, 2008 at 15.

Page 3 - ORDER

This court concurs fully that "[b]ecause the burdens of litigating in an inconvenient forum significantly outweigh the deference to which British Columbia's choice of forum is due, the balance of interests prong of the two-pronged test tips decidedly in favor of transfer." *Id*.

**CONCLUSION**

As no clear error appears on the face of the record, there were no grounds presented to modify or set aside the Opinion and Order [27] issued on November 19, 2008, pertaining to defendant's Motion to Change or Transfer Venue[13]. Plaintiff's objections [28] are denied as moot and as lacking merit.

IT IS SO ORDERED.

DATED this  15   day of January, 2009.

                                                     /s/ ANCER L. HAGGERTY   
                                                  ANCER L. HAGGERTY  
                                                  United States District Judge